UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Paul J. Beskau and Susan A. Beskau,
d/b/a Ger-Bes Enterprises,

    Plaintiffs,

v.                                                       Civil No. 08-4828 (JNE/SRN)
                                                            ORDER

Lone Tree Farms, Inc.,

    Defendant.

Plaintiffs Paul J. Beskau and Susan A. Beskau, d/b/a Ger-Bes Enterprises, bring this action against Defendant Lone Tree Farms, Inc. (Lone Tree), seeking declaratory relief. The case is before the Court on Lone Tree's Motion to Dismiss for Improper Venue or to Stay or, in the Alternative, to Transfer Venue. For the reasons stated below, the Court grants the motion and dismisses the action.

## I.     BACKGROUND

In late 2007, the parties entered into a contract requiring Lone Tree to sell pigs to the Beskaus at regular intervals. Lone Tree began deliveries in April 2008.

Lone Tree filed suit against the Beskaus, d/b/a Ger-Bes Enterprises, in Missouri state court on July 3, 2008, alleging that the Beskaus had breached the parties' contract by refusing to receive additional pigs beginning in May 2008 (Missouri case). The Beskaus removed the Missouri case to the United States District Court for the Western District of Missouri on August 12, 2008.

On August 1, 2008, the Beskaus filed the present declaratory action against Lone Tree in United States District Court for the District of Minnesota (Minnesota case). The Beskaus allege that the pigs they received did not meet the quality standards stated in the contract for, *inter alia*,

reasons of disease. The Beskaus seek a declaration that Lone Tree has breached the contract and that, under various rationales, the Beskaus are relieved of any further contractual obligations. The parties agree that the Minnesota case involves the same basic factual circumstances as the Missouri case. *Cf.* Fed. R. Civ. P. 13(a) (discussing compulsory counterclaims).

The Beskaus moved to dismiss the Missouri case for improper venue or, in the alternative, to transfer the case to the District of Minnesota under 28 U.S.C. § 1404 (2000). The Honorable Greg Kays, United States District Judge for the Western District of Missouri, denied the motion on November 24, 2008. Judge Kays concluded that venue was proper and that transfer was unwarranted.

## II.     DISCUSSION

"The well-established rule is that in cases of concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case." *Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1005 (8th Cir. 1993) (quotation marks omitted). This first-filed rule "is not intended to be rigid, mechanical, or inflexible," but should be applied in a manner that best serves the interests of justice. *Id.* (quotation marks omitted). The prevailing standard is that "in the absence of compelling circumstances," the first-filed rule should apply. *Id.* (quotation marks omitted).

The Eighth Circuit Court of Appeals has identified certain "red flags" that the district court should consider in determining whether a departure from application of the first-filed rule is appropriate in a particular case. *See id.* at 1006-07. The first "red flag" is whether the first filer had notice of the second filer's intention to file suit, and therefore raced to the courthouse to be first. *Id.* at 1007. A court looks at the relative timing of the actions and any delay by either party to determine if the second-filed lawsuit was "not truly contemplated" until after the first-

filed action was conceived. *Id.* The second "red flag" is whether the first-filed action is merely for declaratory judgment, suggesting that it is a "preemptive strike," rather than a suit for damages or equitable relief. *Id.*

Here, the first-filed case is the Missouri case. While the Beskaus argue that letters from their counsel to Lone Tree show their intent to file suit imminently, the Court concludes they do no more than assert disagreements about performance under the contract and "reserve" the Beskaus' right to file suit. *See id*. (refusing to disregard the first-filed rule where Northwest had notice that American was considering filing a lawsuit, but did not know whether litigation was "imminent" or whether American instead "was doing anything more than blowing smoke about a potential lawsuit"). In addition, the Missouri case, unlike the Minnesota case, is not a declaratory action. Accordingly, the Court discerns no compelling circumstances that warrant departure from the first-filed rule. In deference to the first-filed action in the Western District of Missouri, the Court dismisses this action. *See Anheuser-Busch, Inc. v. Supreme Int'l Corp.*, 167 F.3d 417, 419 (8th Cir. 1999) (indicating dismissal of action in favor of action determined to have priority is within the district court's discretion).

### III.     CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Lone Tree's Motion to Dismiss for Improper Venue or to Stay or, in the Alternative, to Transfer Venue [Docket No. 7] is GRANTED.

2.      This action is DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  December 23, 2008

s/  Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge
